**NCI del CARIBE, INC., Plaintiff,**

v.

**TRAILER MARINE TRANSPORT CORP., Defendant.**

**Civ. No. 87–0271(PG).**

United States District Court, D. Puerto Rico.

Oct. 16, 1987.

Roberto L. Córdova, Hato Rey, P.R., for plaintiff.

J. Ramón Rivera Morales, San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is an admiralty action under the Interstate Commerce Act, 49 U.S.C. §§ 10761–10762, (1987 Partial Revision) and the Carriage of Goods by Sea Act, 46 U.S.C. §§ 1300–1312 (1975) ("COGSA"), removed to this Court pursuant to 28 U.S.C. § 1337 (1976 & Supp.1987). All relevant facts have been stipulated. We are here to adjudicate the action on the basis of each party's memorandum of law requesting entry of judgment.

Plaintiff, engaged in the sale of diverse chemical products, was the lessee of a trailer tank identified as "NCI TANK 10905" ("No. 10905"). Defendant is a common carrier by water that provides regular transportation service between, among other places, the ports of San Juan, Puerto Rico, and Pennsauken, New Jersey. On January 23, 1986, plaintiff entered into a contract with defendant to carry by water a cargo of certain chemical products. The pertinent bill of lading was issued and defendant duly filed with the Interstate Commerce Commission its Freight Tariff No. 18. Sometime at the end of January, plaintiff delivered to defendant its trailer tank No. 10905 containing such cargo. On February 4, 1986, trailer tank No. 10905 suf-

fered an accident while at defendant's terminal in Pennsauken.

■ As a consequence of this accident, defendant made all the necessary arrangements to have plaintiff's trailer tank properly repaired. There is no dispute between the parties that these repairs were satisfactorily performed and fully paid by defendant at a cost of approximately $11,437.05. Of course, tank trailer No. 10905 was out of service while it was being repaired (from February 4, 1986, until June 12, 1986). As a result, plaintiff was unable to use the trailer tank, had to lease other trailer tanks to substitute it, and claims lost business.

Plaintiff seeks to recover damages apart from the already paid for physical damage to the trailer tank, *i.e.*, damages for loss of use and loss of profit, plus for the need to lease alternate equipment. Such claims, however, are invalid in light of provisions in the tariff and the bill of lading limiting defendant's liability.

One of the tariff rules, Rule 460(H) on "Shipments in shipper or consignee-owned or leased trailers", explicitly deals with the situation at hand. It reads:

> For each trailer accepted pursuant to the provisions of this part, carrier will execute Trailer Inspection Safety Report. After receipt of the trailer by the carrier and before arrival of the trailer at the terminal at the port of discharge or the origin port of loading, due notice of such arrival having been given by the carrier, *the carrier will be liable (a) for the actual value of the trailer in case of loss or (b) for any damage to the trailer*; such liability not including the contents thereof, wherein the carrier's liability is as set forth in this tariff, and in its bill of lading.

Since there was not a "loss" of the trailer tank here, defendant's liability comes under Rule 460(H)(b) and, thus, is "for any damage to the trailer." It is in the interpretation of such provision that parties disagree. Plaintiff contends that Rule 460(H)(b) is meant to include loss of business, rentals and other consequential damages, believing that the only limitation to the damages that may be recovered under Rule 460(H)(b) is the one dealing with "contents".

Such interpretation, however, makes little sense in the context of Rule 460(H) as a whole. Plaintiff's reading of defendant's liability under Rule 460(H)(b) cannot be reconciled with what would be defendant's liability if the case would involve Rule 460(H)(a), *i.e.*, a complete loss of the trailer. If plaintiff's reading of Rule 460(H)(b) is adopted, plaintiff would be able to recover actual and consequential damages for mere damages to his trailer, while a different claimant who completely lost his trailer would be able to recover under Rule 460(H)(a) only actual damages, *i.e.*, "the actual value of the trailer". Such result would be illogical and unjust—a complete loss of a trailer in defendant's custody would entail a lesser liability than if a trailer was only partially damaged.

A reading of Rule 460(H) as a whole leads us to conclude that, in situations under Rule 460(H)(b) like the one here, defendant has limited its liability to the actual damage suffered by a trailer tank in its custody. In this action this is no more than what defendant has already paid for—proper repairs to plaintiff's trailer tank.

■ In its memorandum of law, plaintiff claims that Rule 460(H) "does not apply" here, yet, it offers no basis for such averment. On the contrary, right after such allegation, plaintiff goes into an explanation of how to interpret and to apply Rule 460(H). Regardless of this unfounded allegation, Rule 460(H) does apply. The rule is part of the freight tariff that defendant must file with the Interstate Commerce Commission pursuant to the requirements of the Interstate Commerce Act, as amended, 49 U.S.C. §§ 10761–10762 (1987 Partial Revision). "[This] tariff, required by law to be filed, is not a mere contract. It is the law." *Compañia Anónima Venezolana de Navegación v. A.J. Pérez Export Co.*, 303 F.2d 692, 696 n. 12 (5th Cir.), *cert. denied*, 371 U.S. 942, 83 S.Ct. 321, 9 L.Ed.2d 276 (1962). *See also, Brown & Root, Inc. v. M/V Peisander*, 648 F.2d 415, 421 n. 14 (5th Cir.1981) and *City of New*

*Orleans By and Through Public Belt R.R. Commission v. Southern Scrap Material Co., Ltd.*, 491 F.Supp. 46, 48 (D.C.La.1980). Carriers and shippers are bound by the provisions of a tariff duly filed by the carrier as if it was a statute.

In light of such analysis, we deem unnecessary to go into the two other issues on which the parties differ in relation to defendant's liability: the application of tariff's Rule 270 and whether COGSA governs here. Solving them is not required because plaintiff is not claiming recovery based on Rule 270 or COGSA; on the contrary, it alleges that neither applies. For the record, we do agree with plaintiff that tariff's Rule 270 is not applicable to our facts here and, therefore, COGSA does not come into play based on such rule.[1] However, this is of little consequence because we agree with defendant that the bill of lading expressly made COGSA applicable here.[2]

As a general rule, COGSA limits carrier's liability to actual damages. 46 U.S.C. § 1304(5) (1975). Consequential and other special damages surrounding a loss are recoverable in a contract of carriage only upon a special showing that these damages "may reasonably be supposed to have been in the contemplation of the parties at the time they made the contract." *Affiliated Foods, Inc. v. Puerto Rico Marine Management, Inc.*, 645 F.Supp. 838, 842 (D.P.R.1986), *quoting from, Hadley v. Baxendale*, 9 Ex. 341, 354 (1854). The special circumstances necessary for such an award are not present here. Thus, the application of COGSA serves only to reinforce our resolution of this case based on the application of the tariff's Rule

460(H)(b): plaintiff cannot recover consequential damages and other special damages.

WHEREFORE, it is hereby ORDERED that defendant is entitled to judgment and, therefore, no relief will be granted to plaintiff.

IT IS SO ORDERED.

---

1. The relevant Rule 270 language reads:

    II. Liability of the carrier: In the event the *goods* are lost or damaged while in custody of the carrier by reason of a peril not covered by the marine insurance, the shipper's recourse is a claim against the carrier. The liability of the carrier will be determined in accordance to [COGSA] and the terms of the bill of lading. Defendant claims COGSA applies because the trailer tank is a "good" as defined in Rule 270(IV) ("the cargo accepted from the shipper and including containers and/or rolling equipment not supplied by or on behalf of Carrier."). We disagree with this reading. A trailer tank is not a "good"; rather, it is a "package" ("in the

case of goods carried in containers, vans or trailer, the word "package" shall mean the container, van or trailer").

2. "COGSA does not apply by its own terms to shipments, such as the one in this case, which transfer goods between ports of the United States and its possessions. 46 U.S.C. § 1312 (1982). Nevertheless, COGSA can apply if the bill of lading covering such shipments contains an express statement that the provisions of COGSA govern." *Ins. Co. of North America v. Puerto Rico Marine*, 768 F.2d 470, 473 (1st Cir.1985). Defendant did include such statement in the reverse side of the bill of lading.